UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
BISNEWS AFE (THAILAND) LIMITED,

                    Plaintiff,

          - against -                        11 Civ. 3108 (NRB)

ASPEN RESEARCH GROUP LIMITED,                **MEMORANDUM AND ORDER**
INFOQUEST LIMITED, and THAIQUEST
LIMITED,

                    Defendants.
--------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

### I. Introduction

        Among the motions presently pending before us in this case
is the motion of Aspen Research Group Ltd. ("Aspen") styled as a
"Motion for Partial Summary Judgment Seeking Declaratory
Relief." Def.'s Mem. of Law in Supp. of Mot. for Partial Summ.
J. Seeking Declaratory Relief ("Br.") 1. The briefing of this
motion, which proved acrimonious and needlessly protracted,
unfortunately reflects a not unfamiliar pattern of unproductive
litigation in this case. See Bisnews AFE (Thai.) Ltd. v. Aspen
Research Grp. Ltd., No. 11 Civ. 3108, slip op. at 3-4 (S.D.N.Y.
Aug. 26, 2011) (discussing a prior round of litigation)
(hereinafter "Slip Op."). We do not reach the merits of this
motion--whether Aspen is entitled to declaratory relief
"declaring its current business arrangement in Thailand to be in
compliance with [§] 1.4 of the [a]greement" between Aspen and

Bisnews AFE (Thailand) Ltd. ("Bisnews") (the "agreement")--
because we find that it is procedurally defective pursuant to 28
U.S.C. § 2201 and Federal Rule of Civil Procedure 57.  Br. 6.

## II. Background

On May 6, 2011, Bisnews filed the complaint that initiated
this action.   On June 21, 2011, Bisnews filed an amended
complaint, which on July 18, 2011 Aspen answered.  As part of
its answer, Aspen asserted two counterclaims, only one of which
is relevant here.  Referring to the agreement, which licenses
software developed by Aspen to Bisnews for use in the latter's
business of disseminating financial information, see Slip Op. 4-
6, Aspen alleges that Bisnews breached its duty of good faith
and fair dealing by, inter alia, (i) "threatening potential
customers" of Aspen; (ii) "misrepresenting itself as the
exclusive distributor of Aspen['s] software in Thailand"; and
(iii) "commencing this baseless and pretextual lawsuit against
Aspen[] for the purpose of preventing Aspen from exercising its
rights under the [a]greement to grant additional licenses to
other entities in Thailand" and "from exploiting Aspen's
intellectual property in Thailand."   Answer and Countercl.
¶¶ 194-98.  Stating that it lacks an "adequate remedy at law"
and asserting its "right immediately to terminate the
[a]greement with [Bisnews]," Aspen alleges that "[a] dispute has
arisen between [Bisnews] and Aspen regarding their respective

rights and obligations under the [a]greement." <u>Id.</u> at ¶¶ 199-201. Thus, as a counterclaim, Aspen requests that "this Court enter a judgment declaring the rights and obligations of the parties under the [a]greement, and determining that Aspen may properly exercise its right to terminate the [a]greement with [Bisnews] as a result of [Bisnews's] breach of its duty of good faith and fair dealing." <u>Id.</u> at ¶ 202. In its ensuing prayer for relief, the only declaratory relief that Aspen alleges it seeks is "a judgment declaring that Aspen properly exercised its right to terminate the [a]greement, and declaring that the [a]greement has been terminated and is no longer in force and effect." <u>Id.</u> at 18-19.

On February 1, 2012, Aspen filed the present motion for partial summary judgment, seeking a declaration that "its current business arrangements in Thailand [are] in compliance with [§] 1.4 of the [a]greement." Br. 6. In its moving papers, Aspen asserts that in ¶ 202 of its "[a]nswer and [c]ounterclaim . . . [it] asked for the relief [that] it [now] seeks on this motion" and proceeds to quote from its request "'that this Court enter a judgment declaring the rights and obligations of the parties under the [a]greement.'" Br. 9 (quoting Answer and Countercl. ¶ 202). <u>See also</u> Def.'s Reply Mem. of Law in Supp. of Mot. for Partial Summ. J. Seeking Declaratory Relief 7 (stating "[¶] 202 of the [a]nswer and [c]ounterclaim[] asked the

Court 'to enter a judgment declaring the rights and obligations of the parties under the [a]greement'") (quoting Answer and Countercl. ¶ 202).

### III. Discussion

Section 2201 of Title 28 of the United States Code provides in relevant part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal Rule of Civil Procedure 57 in turn provides that the Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Thus, "[i]n addition to being raised by complaint, declaratory judgment actions may be raised for the first time in subsequent pleadings, such as counterclaims and crossclaims" pursuant to Federal Rule of Civil Procedure 13. 12 James Wm. Moore et al., Moore's Federal Practice ¶ 57.06[3] (3d ed. 2011). However, it is well established that "[b]ecause an action for a declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief[] but rather . . . must bring an action for a declaratory judgment." Int'l Bhd. of Teamsters v. E. Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y. 1995). See Thomas v.

Blue Cross and Blue Shield Ass'n, 594 F.3d 823, 830 (11th Cir.
2010) (citing Teamsters) (same); Kam-Ko Bio-Pharm Trading Co.
Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 943
(9th Cir. 2009) (quoting Teamsters) (same).

    Whichever form of pleading initiates a declaratory judgment
action, it must meet the pleading requirements of Federal Rule
of Civil Procedure 8.   See Nat'l Union Fire Ins. Co. of
Pittsburgh, Pa. v. Karp, 108 F.3d 17, 21 (2d Cir. 1997) (noting
availability of declaratory relief provided, inter alia, "that
the claim for declaratory relief is pleaded in accordance with
Rules 8 and 10 of the Federal Rules of Civil Procedure").   See
also 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 57.06[3] (3d
ed. 2011) ("when a party asserts a request for declaratory
relief in a counterclaim or crossclaim, compliance with the
general rules of pleading is essential").   Pursuant to Rule 8,
"[a] pleading that states a claim for relief must contain . . .
a short and plain statement of the claim showing that the
pleader is entitled to relief[] and . . . a demand for the
relief sought, which may include relief in the alternative or
different types of relief."   FED. R. CIV. P. 8(a).   To satisfy
Rule 8(a)(2)'s requirement of "a short and plain statement," a
pleading must state "factual allegations that are sufficient to
'give . . . fair notice of what the . . . claim is and the
grounds upon which it rests.'"   Anderson News, L.L.C. v. Am.

Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (second ellipsis in original).   This pleading standard "applies to all civil actions."   Arista Records, L.L.C. v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009)).[1]

We disagree with Aspen that its counterclaim provides fair notice of the claim that it now presses in its motion for partial summary judgment.   While the counterclaim does request that we "enter judgment declaring the rights and obligations of the parties under the [a]greement," this statement appears in the context of the counterclaim's allegations that Bisnews has breached its duty of good faith and fair dealing and the specific request that we declare Aspen free to terminate the agreement as a result of this breach.   Answer and Countercl. ¶ 202.   There are simply no allegations in the answer and counterclaim, even when read in light of the amended complaint, that provide reasonable notice of Aspen's claim that it is entitled to a declaratory judgment "declaring its current business arrangement in Thailand to be in compliance with

_____

[1] The Advisory Committee Notes to Federal Rule of Civil Procedure 57 provide that "[t]he demand for relief shall state with precision the declaratory judgment relief, cumulatively or in the alternative."   FED. R. CIV. P. 57 advisory committee notes.   Because we find that Aspen's counterclaim is deficient under Federal Rule of Civil Procedure 8(a)(2), we need not consider whether a higher standard applies in the context of an action for declaratory judgment, as Bisnews suggests in its opposing papers.   See Pl.'s Mem. of Law in Opp'n to Mot. for Partial Summ. J. Seeking Declaratory Relief 8.

[§] 1.4 of the [a]greement."   Br. 6.   If we were to find that the general language in ¶ 202 seeking interpretation of the agreement provided fair notice to Bisnews of the claim implicated here, then Aspen could equally seek declaratory relief on any issue whatsoever involving interpretation of the agreement, a conclusion that is not in accord with our regime of notice pleading, particularly as it exists after Twombly and Iqbal.   The straightforward problem with the pending motion is that Aspen seeks partial summary judgment on a claim that it failed to plead in its counterclaim.   Because declaratory relief must be sought through an action, not a motion, for declaratory judgment, Aspen's failure to adequately raise its claim in an appropriate pleading procedurally forecloses its access to such relief under these circumstances.

*          *          *

The writing of this decision could have been easily avoided and the parties could have secured a resolution of this claim on the merits had Aspen given greater consideration before it filed its motion for partial summary judgment to the procedural issue that Bisnews generally brought to its attention both in a pre-motion letter as well as during a pre-motion telephone conference on December 27, 2011.   See Pl.'s Letter of Dec. 20, 2011 1.   If Aspen wishes to file an amended answer and counterclaim so that it can further pursue the declaratory

relief that it sought here, then it may apply for leave to amend.[2]

## IV. Conclusion

For the reasons stated above, Aspen's motion for partial summary judgment is denied without prejudice to its renewal after the filing of an amended answer and counterclaim to the amended complaint.

Dated:     New York, New York
           August 9, 2012

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

---

[2] If Aspen follows this approach and we grant leave, then once Bisnews has filed an answer, Aspen could request permission to renew its motion for partial summary judgment seeking declaratory relief.  Such a renewed motion for partial summary judgment would moot any objection from Bisnews alleging that the factual premise of Aspen's claim arose after the filing of its counterclaim, an objection that we do not address here.  See Pl.'s Sur-Reply Mem. of Law in Further Opp'n to Mot. for Partial Summ. J. Seeking Declaratory Relief 2-3.

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Attorneys for Plaintiff Bisnews AFE (Thailand) Limited:
John C. Scalzo, Esq.
Reed Smith L.L.P.
599 Lexington Avenue
New York, NY 10022

Attorneys for Defendant Aspen Research Group Limited:
Richard H. Dolan, Esq.
Schlam Stone & Dolan L.L.P.
26 Broadway
New York, NY 10004